### CARTWRIGHT *vs.* BESSMAN, agent.

Although, on an application for an exemption of personalty made by the wife, the petition may not allege that the property was her husband's, yet, if in the affidavit of the value of the property and the list of creditors, she does not so affirm, it is sufficient, and the record of the homestead is admissible in evidence.

December 19, 1884.

Homestead.  Exemption.  Husband and Wife.  Evidence.  Before Judge LAWSON.  Greene Superior Court. March Term, 1884.

A county court *fi. fa.* in favor of Bessman, agent, against W. C. Cartwright was levied on an iron safe, and the wife of the latter, Mrs. Martha T. Cartwright, claimed it as having been set apart as an exemption. The case was carried to the superior court by appeal, and submitted to the presiding judge without a jury. The only question made was, whether the exemption granted was void, because the petition did not state to whom the property sought to be exempted belonged, the application being made by a married woman This was admitted, but it was claimed that the defect was

cured by the following affidavit, which was attached to the petition and recorded with it:

"Personally came Mrs. Martha T. Cartwright, and on oath says the foregoing application is a true and correct valuation of all the property of her husband, W. C. Cartwright, and also a true list of creditors, and all of said creditors have been served with notice of her application."

The court adjudged the property subject; claimant moved for a new trial, which was refused, and she excepted.

JAMES B. PARK, for plaintiff in error.

W. H. BRANCH, by brief, for defendant.

JACKSON, Chief Justice. .

The single question made by this record is, whether an exemption of personalty on the application of the wife is bad, and should be ruled out in a claim case as invalid and void, where the record shows that she did not in her petition set out that the property was her husband's, yet in the affidavit of the value of the property and list of creditors she does so affirm, and where that affidavit is part of the record of the homestead and exemption in evidence. In 61 *Ga.*, 105, a homestead and exemption was held invalid where the proceedings did not show that fact. ·

This affidavit is part of the proceedings, and does show the ownership of the property and the creditors of the husband. So is 65 *Ga.*, 347. We think that the exemption is good, inasmuch as the record shows the ownership of the husband, and such is the spirit and reasoning in those cases.

Judgment reversed.